UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
——————————————————————

JOSEPH FOLEY, individually
and on behalf of a class of others similarly
situated,

**COMPLAINT IN A
COLLECTIVE ACTION**

                              Plaintiffs,

-vs-                                                          **Case No.**

CITY OF BUFFALO
65 Niagara Square
Buffalo, NY 14202

                              Defendant.
——————————————————————

Plaintiffs, by their attorneys, SAMMARCO, MATTACOLA & SAMMARCO,

LLP, TRACY D. SAMMARCO, ESQ. and AARON E. KAPLAN, ESQ., of counsel, as

and for a complaint in a collective action allege:


## I. <u>Parties</u>

1.      Plaintiff JOSEPH FOLEY (hereinafter referred to as "FOLEY") is an employee

        of the named Defendant and President of the Buffalo Professional Firefighters

        Association, IAFF, AFL-CIO, Local 282 (hereinafter referred to as "Local 282"),

        a collective bargaining unit representing firefighters employed by Defendant.

        Plaintiff FOLEY is a resident of Erie County.

2.      The claims of the individually named Plaintiff under the FLSA are similar to and

typical of the claims of additional persons who are plaintiffs in this action and

who are also firefighters either currently employed by Defendant or employed by

Defendant within the last three (3) years and who are or were at one time

members of Local 282 (hereinafter referred to as "Local 282 members").  The

additional Plaintiffs in this action are identified in <u>Exhibit A</u> appended hereto.

Each Plaintiff has given his or her written consent to be a party plaintiff in this

action, pursuant to 29 U.S.C. § 216(b).  The written consents are appended hereto

as <u>Exhibit B</u>.


3.      Plaintiff brings this action as a collective action on behalf of himself and on

behalf of all other employees of Defendant similarly situated.  This is an action

for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for unpaid

overtime compensation, liquidated damages, attorney fees and costs under the

provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended

(29 U.S.C. § 216(b)), referred to as the FLSA.


4.      Defendant CITY OF BUFFALO (hereinafter referred to as the "City") was and

continues to be a body corporate and politic, constituting a municipal corporation,

organized and existing pursuant to the laws of the State of New York.  Defendant

City is a "public agency" as defined in 29 U.S.C. § 203(x) and an "employer" of

Plaintiff and others similarly situated as defined in 29 U.S.C. § 203(d).

5.      At all material times herein, Defendant City and Local 282 are parties to a collective bargaining agreement ("hereinafter referred to as "CBA") as modified by a series of memorandum of agreements and interest arbitration awards.

## II.  Jurisdiction and Venue

6.      Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. §1337.

7.      This Court has supplemental or pendant jurisdiction over Plantiffs' New York State Law claims pursuant to 28 U.S.C. §1367 and the principles of pendant jurisdiction.

8.      Venue lies within this district pursuant to 28 U.S.C. § 1391.

## III.  Causes of Action

9.      At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

10.     The FLSA requires that employees be paid overtime compensation at a rate not less than one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek (29 U.S.C. § 201(a)(1)).

11.     At all times material herein, Plaintiffs have been entitled to the rights, protections

and benefits provided under N.Y. Unconsol. Law § 1015.

12.     N.Y. Unconsol. Law § 1015 prohibits an employer from requiring firefighters to

work more than an average of forty (40) hours per week in a fiscal year.

**AS AND FOR A FIRST CAUSE OF ACTION**

**Regular Shift Compensatory Time**

13.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 12

as if each were set forth in full herein.

14.     Plaintiff and other employees similarly situated are required by Defendant to

work an eight (8) day schedule consisting of two (2) – nine (9) hour day shifts,

and two (2) – fifteen (15) hour night shifts and four (4) days off.

15.     Defendant maintains a fourteen (14) day pay period, beginning and ending at 8:00

a.m. on Monday.

16.     Defendant's schedule results in workweeks where Plaintiff and other employees

similarly situated have performed more than forty (40) hours of work.

17.     For each fourteen (14) day pay period, Defendant pays Plaintiff and other

        employees similarly situated for eighty (80) hours of work for their regularly

        scheduled shifts, at a straight time rate.


18.     For each hour beyond forty (40) hours worked by Plaintiff and other employees

        similarly situated as part of their regularly scheduled shifts, Defendant provides

        Plaintiff with one (1) hour of compensatory time.


19.     With respect to Plaintiff and other employees similarly situated, Defendant has

        never elected for an exemption under 29 U.S.C. § 207(k).


20.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,

        hours worked in excess of eight (8) hours a day or forty (40) hours per workweek

        must be compensated at a rate of not less than one and one-half times the regular

        rate of pay.  See, 29 U.S.C. § 207(a).


21.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,

        a workweek consists of a fixed, regularly reoccurring seven (7) day period.  See,

        29 C.F.R. § 778.104.


22.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,

        each workweek stands alone for computation of overtime hours and may not be

        combined with other workweeks to create an averaged number of hours worked

even if the employer's pay period is greater than seven (7) days.  <u>See</u>, 29 C.F.R. § 778.103.

23.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, hours worked in excess of forty (40) hours that are compensated through compensatory time in lieu of paid overtime must be compensated at a rate of not less than one and one-half hours of compensatory time for each hour worked. <u>See</u>, 29 U.S.C. § 207(o)(1).

24.    Defendant does not compensate Plaintiff and other employees similarly situated for time spent working their scheduled shifts in excess forty (40) hours a week with one and one-half hours of compensatory time for each hour worked.  This practice is contrary to 29 U.S.C. § 207 and other applicable sections of the FLSA.

25.    Defendant had prior notice that regularly scheduled shifts worked beyond forty (40) hours per workweek must be compensated at a rate of not less than one and one-half hours of compensatory time for each hour worked under the FLSA.

26.    As a result of Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there have become due and owing to Plaintiff and other employees similarly situated amounts of overtime pay under the FLSA.

27.     The employment and work records for Plaintiff and other employees similarly
        situated are in the exclusive possession, custody and control of Defendant, and
        Plaintiff and other employees similarly situated are unable to state at this time the
        exact amounts owing to each of them.


**AS AND FOR A SECOND CAUSE OF ACTION**

**Compensatory Time in Lieu of Overtime**

28.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 27
        as if each were set forth in full herein.


29.     Plaintiff and other employees similarly situated are required by Defendant to
        work an eight (8) day schedule consisting of two (2) – nine (9) hour day shifts,
        and two (2) – fifteen (15) hour night shifts and four (4) days off.


30.     Defendant maintains a fourteen (14) day pay period, beginning and ending at 8:00
        a.m. on Monday.


31.     Defendant's schedule results in workweeks where Plaintiff and other employees
        similarly situated have performed more than forty (40) hours of work.

32.     For each fourteen (14) day pay period, Defendant pays Plaintiff and other

        employees similarly situated for eighty (80) hours of work for their regularly

        scheduled shifts, at a straight time rate.


33.     For each hour beyond forty (40) hours worked by Plaintiff and other employees

        similarly situated as part of their regularly scheduled shifts, Defendant provides

        Plaintiff with one (1) hour of compensatory time.


34.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,

        hours worked in excess of forty (40) hours a week must be compensated at a rate

        of not less than one and one-half times the regular rate of pay and all hours

        worked must be compensated.  See, 29 U.S.C. § 207(a).


35.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,

        each workweek stands alone for computation of overtime hours and may not be

        combined with other workweeks to create an averaged number of hours worked

        even if the employer's pay period is greater than seven (7) days.  See, 29 C.F.R. §

        778.103.


36.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,

        hours worked in excess of forty (40) hours may be compensated through

        compensatory time in lieu of paid overtime must be compensated at a rate of not

less than one and one-half hours of compensatory time for each hour worked.
<u>See</u>, 29 U.S.C. § 207(o)(1).

37.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,
hours worked in excess of forty (40) hours may be compensated through
compensatory time in lieu of paid overtime only pursuant to applicable provisions
of a collective bargaining agreement, memorandum of understanding, or any other
agreement between the public agency and representatives of such employees.
<u>See</u>, 29 U.S.C. § 207(o)(2).

38.     No provisions of a collective bargaining agreement, memorandum of
understanding, or any other agreement between Local 282 and the City exist in
which the parties agree that the Plaintiff and other employees similarly situated
will accept compensatory time in lieu of overtime payments.  This practice is
contrary to 29 U.S.C. § 207 and other applicable sections of the FLSA.

39.     Defendant had prior notice that it may only give compensatory time in lieu of
overtime if pursuant to applicable provisions of a collective bargaining
agreement, memorandum of understanding, or any other agreement between the
City and representatives of its employees under the FLSA.

40.    As a result of Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there have become due and owing to Plaintiff and other employees similarly situated amounts of overtime pay under the FLSA.

41.    The employment and work records for Plaintiff and other employees similarly situated are in the exclusive possession, custody and control of Defendant, and Plaintiff and other employees similarly situated are unable to state at this time the exact amounts owing to each of them.

## AS AND FOR A THIRD CAUSE OF ACTION

### Restrictions on the Use of Compensatory Time

42.    Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 41 as if each were set forth in full herein.

43.    Plaintiff and other employees similarly situated are required by Defendant to work an eight (8) day schedule consisting of two (2) – nine (9) hour day shifts, and two (2) – fifteen (15) hour night shifts and four (4) days off.

44.    Defendant maintains a fourteen (14) day pay period, beginning and ending at 8:00 a.m. on Monday.

45.    Defendant's schedule results in workweeks where Plaintiff and other employees similarly situated have performed more than forty (40) hours of work.

46.     For each fourteen (14) day pay period, Defendant pays Plaintiff and other

employees similarly situated for eighty (80) hours of work for their regularly

scheduled shifts, at a straight time rate.

47.     For each hour beyond forty (40) hours worked by Plaintiff and other employees

similarly situated as part of their regularly scheduled shifts, Defendant provides

Plaintiff with one (1) hour of compensatory time.

48.     Under the FLSA employees receiving compensatory time in lieu of overtime

payments shall be permitted by the employer to use such time within a reasonable

period after making the request if the use of the compensatory time does not

unduly disrupt the operations of the public agency.  See, 29 U.S.C. § 207(o)(5).

49.     No provisions of a collective bargaining agreement, memorandum of

understanding, or any other agreement between Local 282 and the City exist in

which the parties agree to the manner in which Plaintiff and other employees

similarly situated would be granted the use of accumulated compensatory time.

50.     Defendant forces Plaintiff and other similarly situated employees to use their

accumulated compensatory time on set schedule when Plaintiff and other

similarly situated employees make requests to use their compensatory time on

days that differ from the Defendant's set schedule.  This practice is contrary to 29

USC § 207 and other applicable sections of the FLSA.

51.  Defendant had prior notice that it must permit Plaintiff and other similarly

situated employees to use such time within a reasonable period after making the

request if the use of the compensatory time does not unduly disrupt the operations

of the public agency under the FLSA.

52.  As a result of Defendant's violations of the FLSA and the applicable regulations

of the U.S. Department of Labor, there have become due and owing to Plaintiff

and other employees similarly situated amounts of overtime pay under the FLSA.

53.  The employment and work records for Plaintiff and other employees similarly

situated are in the exclusive possession, custody and control of Defendant, and

Plaintiff and other employees similarly situated are unable to state at this time the

exact amounts owing to each of them.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Loss of Unused Compensatory Time

54.  Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 53

as if each were set forth in full herein.

55.     Plaintiff and other employees similarly situated are required by Defendant to work an eight (8) day schedule consisting of two (2) – nine (9) hour day shifts, and two (2) – fifteen (15) hour night shifts and four (4) days off.

56.     Defendant maintains a fourteen (14) day pay period, beginning and ending at 8:00 a.m. on Monday.

57.     Defendant's schedule results in workweeks where Plaintiff and other employees similarly situated have performed more than forty (40) hours of work.

58.     For each fourteen (14) day pay period, Defendant pays Plaintiff and other employees similarly situated for eighty-four (84) hours of work for their regularly scheduled shifts, at a straight time rate.

59.     For each hour beyond forty (40) hours worked by Plaintiff and other employees similarly situated as part of their regularly scheduled shifts, Defendant provides Plaintiff with one (1) hour of compensatory time.

60.     Under the FLSA employees receiving compensatory time in lieu of overtime must be compensated in cash payments for any and all unused accrued compensatory time earned.  <u>See</u>, 29 C.F.R. § 553.27.

61.     At the end of each calendar year, Defendant eliminates all unused compensatory

        time accrued by Plaintiff and other employees similarly situated without issuing

        payment for such time or allowing Plaintiff and other employees similarly

        situated to use such accrued time at a later date.  This practice is contrary to 29

        USC § 207 and other applicable sections of the FLSA.

62.     Defendant had prior notice that it must compensate employees receiving

        compensatory time in lieu of overtime in cash payments for any and all unused

        accrued compensatory time earned under the FLSA.

63.     As a result of Defendant's violations of the FLSA and the applicable regulations

        of the U.S. Department of Labor, there have become due and owing to Plaintiff

        and other employees similarly situated amounts of overtime pay under the FLSA.

64.     The employment and work records for Plaintiff and other employees similarly

        situated are in the exclusive possession, custody and control of Defendant, and

        Plaintiff and other employees similarly situated are unable to state at this time the

        exact amounts owing to each of them.

### AS AND FOR A FIFTH CAUSE OF ACTION

### <u>Pay for Work in Excess of Regular Shift</u>

65.     Plaintiff repeats and re-alleges the allegations set forth in Paragraph 1 through 64

        as if each were set forth in full herein.

66.     Plaintiff and other employees similarly situated are required by Defendant to perform work beyond their regular scheduled shifts.

67.     Under the FLSA and the applicable regulations of the U.S. Department of Labor, hours worked in excess of forty (40) hours a week must be compensated at a rate of not less than one and one-half times the regular rate of pay and all hours worked must be compensated.  See, 29 C.F.R. § 778.315.

68.     Pursuant to Article III, Section 3.2(H)(2) of the CBA, Defendant does not compensate Plaintiff and other employees similarly situated for time spent working in excess of regular scheduled shifts and in excess of forty (40) hours a week at the overtime rate of pay.  This practice is contrary to 29 U.S.C. § 207 and other applicable sections of the FLSA.

69.     Defendant had prior notice that time spent appearing working beyond regularly scheduled shifts in excess of forty (40) hours a week must be compensated at a rate of not less than one and one-half times the regular rate of pay under the FLSA.

70.     As a result of Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there have become due and owing to Plaintiff and other employees similarly situated amounts of overtime pay under the FLSA.

71.     The employment and work records for Plaintiff and other employees similarly
        situated are in the exclusive possession, custody and control of Defendant, and
        Plaintiff and other employees similarly situated are unable to state at this time the
        exact amounts owing to each of them.

### AS AND FOR A SIXTH CAUSE OF ACTION

### Less than Fifteen Minutes Work in Excess of Regular Shift

72.     Plaintiff repeats and re-alleges the allegations set forth in Paragraph 1 through 71
        as if each were set forth in full herein.

73.     Plaintiff and other employees similarly situated are required by Defendant to
        perform work beyond their regular scheduled shifts.

74.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,
        overtime compensation cannot be said to have been paid to an employee unless all
        straight time compensation has been paid.  See, 29 C.F.R. § 778.315.

75.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,
        hours worked in excess of forty (40) hours a week must be compensated at a rate
        of not less than one and one-half times the regular rate of pay and all hours
        worked must be compensated.  See, 29 C.F.R. § 778.315.

76.     Under the FLSA and the applicable regulations of the U.S. Department of Labor, hours worked in excess of eight (8) hours a day or forty (40) hours a week must be compensated at a rate of not less than one and one-half times the regular rate of pay and all hours worked must be compensated.  <u>See</u>, 29 U.S.C. § 207(a).

77.     Under the FLSA and the applicable regulations of the U.S. Department of Labor, each workweek stands alone for computation of overtime hours and may not be combined with other workweeks to create an averaged number of hours worked even if the employer's pay period is greater than seven (7) days.  <u>See</u>, 29 C.F.R. § 778.103.

78.     Under the FLSA and the applicable regulations of the U.S. Department of Labor, rounding of hours worked may only be used where over a period of time it does result in failure to compensate the employee for all hours actually worked.  <u>See</u>, 29 C.F.R. § 785.45.

79.     Defendant does not compensate Plaintiffs for time spent working beyond their scheduled shifts for less than a fifteen (15) minute period.  This practice is contrary to 29 U.S.C. § 207 and other applicable sections of the FLSA.

80.     Defendant had prior notice that under the FLSA it must compensate employees for all hours worked and that it must compensate for hours worked beyond eight

forty (40) hours per workweek at a rate of not less than one and one-half times the

regular rate of pay.

81.     As a result of Defendant's violations of the FLSA and the applicable regulations

of the U.S. Department of Labor, there has become due and owing to each of the

Plaintiffs amounts of straight and overtime pay under the FLSA.

82.     The employment and work records for each of the Plaintiffs are in the exclusive

possession, custody and control of Defendant, and Plaintiffs are unable to state at

this time the exact amounts owing to each of them.

### AS AND FOR A SEVENTH CAUSE OF ACTION

### Sick and Injured Time

83.     Plaintiff repeats and re-alleges the allegations set forth in Paragraph 1 through 82

as if each were set forth in full herein.

84.     Defendant restricts Plaintiff and other employees similarly situated in their

pursuits while on leave for illness or injury during their regular scheduled shifts.

85.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,

hours worked in excess of forty (40) hours a week must be compensated at a rate

of not less than one and one-half times the regular rate of pay and all hours

worked must be compensated.  See, 29 C.F.R. § 778.315.

86.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, where an employee is not performing work for the employer but is restricted by the employer so that the employee is unable to use the time effectively for his own purposes the time is considered hours worked.  <u>See</u>, 29 C.F.R. § 785.15.

87.    Defendant restricts Plaintiff and other employees similarly situated in the actions while on sick or injured leave  to the point that they are unable to use the time effectively for his own purposes, however Defendant does not count these hours as time actually worked for the purposes of computing overtime.  This practice is contrary to 29 U.S.C. § 207 and other applicable sections of the FLSA.

88.    Defendant had prior notice that time spent by Plaintiff and other employees similarly situated which is severely restricted by defendant must be counted as hours actually worked for the computation of overtime under the FLSA.

89.    As a result of Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there have become due and owing to Plaintiff and other employees similarly situated amounts of overtime pay under the FLSA.

90.    The employment and work records for Plaintiff and other employees similarly situated are in the exclusive possession, custody and control of Defendant, and

Plaintiff and other employees similarly situated are unable to state at this time the exact amounts owing to each of them.

## AS AND FOR A EIGHTH CAUSE OF ACTION

### First Responder and EMT Training

91.  Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 90 as if each were set forth in full herein.

92.  Plaintiff and other employees similarly situated are required by Defendant to perform training beyond their regular scheduled shifts.

93.  Under the FLSA and the applicable regulations of the U.S. Department of Labor, overtime compensation cannot be said to have been paid to an employee unless all straight time compensation has been paid.  See, 29 C.F.R. § 778.315.

94.  Under the FLSA and the applicable regulations of the U.S. Department of Labor, hours worked in excess of forty (40) hours a week must be compensated at a rate of not less than one and one-half times the regular rate of pay and all hours worked must be compensated.  See, 29 C.F.R. § 778.315.

95.  Under the FLSA and the applicable regulations of the U.S. Department of Labor, hours worked in excess of eight (8) hours a day or forty (40) hours a week must

be compensated at a rate of not less than one and one-half times the regular rate of

pay and all hours worked must be compensated.  <u>See</u>, 29 U.S.C. § 207(a).

96.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,

        each workweek stands alone for computation of overtime hours and may not be

        combined with other workweeks to create an averaged number of hours worked

        even if the employer's pay period is greater than seven (7) days.  <u>See</u>, 29 C.F.R. §

        778.103.

97.     Under the FLSA and the applicable regulations of the U.S. Department of Labor,

        time spent attending training required by an employer is considered compensable

        hours of work.  <u>See</u>, 29 C.F.R. § 553.226.

98.     Defendant does not compensate Plaintiffs for time spent in First Responder or

        EMT training outside of their regularly scheduled shifts.  This practice is contrary

        to 29 U.S.C. § 207 and other applicable sections of the FLSA.

99.     Defendant had prior notice that under the FLSA it must compensate employees

        for all hours worked and that it must compensate for hours worked beyond eight

        forty (40) hours per workweek at a rate of not less than one and one-half times the

        regular rate of pay.

100.    As a result of Defendant's violations of the FLSA and the applicable regulations
        of the U.S. Department of Labor, there has become due and owing to each of the
        Plaintiffs amounts of straight and overtime pay under the FLSA.

101.    The employment and work records for each of the Plaintiffs are in the exclusive
        possession, custody and control of Defendant, and Plaintiffs are unable to state at
        this time the exact amounts owing to each of them.

## AS AND FOR A NINTH CAUSE OF ACTION

### Medical Examinations and Doctor's Notes

102.    Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through
        101 as if each were set forth in full herein.

103.    Plaintiff and other employees similarly situated are required by Defendant to
        undergo medical examinations and obtain doctor's notes outside their regular
        scheduled shifts.

104.    Under the FLSA and the applicable regulations of the U.S. Department of Labor,
        overtime compensation cannot be said to have been paid to an employee unless all
        straight time compensation has been paid.  See, 29 C.F.R. § 778.315.

105.    Under the FLSA and the applicable regulations of the U.S. Department of Labor,
        hours worked in excess of forty (40) hours a week must be compensated at a rate

of not less than one and one-half times the regular rate of pay and all hours worked must be compensated.  <u>See</u>, 29 C.F.R. § 778.315.

106.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, hours worked in excess of eight (8) hours a day or forty (40) hours a week must be compensated at a rate of not less than one and one-half times the regular rate of pay and all hours worked must be compensated.  <u>See</u>, 29 U.S.C. § 207(a).

107.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, each workweek stands alone for computation of overtime hours and may not be combined with other workweeks to create an averaged number of hours worked even if the employer's pay period is greater than seven (7) days.  <u>See</u>, 29 C.F.R. § 778.103.

108.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, time spent during medical examinations and obtaining Doctor's notes as required by an employer is considered compensable hours of work.  <u>See</u>, 29 C.F.R. § 785.43.

109.    Defendant does not compensate Plaintiffs for time spent in First Responder or EMT training outside of their regularly scheduled shifts.  This practice is contrary to 29 U.S.C. § 207 and other applicable sections of the FLSA.

110.   Defendant had prior notice that under the FLSA it must compensate employees for all hours worked and that it must compensate for hours worked beyond eight forty (40) hours per workweek at a rate of not less than one and one-half times the regular rate of pay.

111.   As a result of Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there has become due and owing to each of the Plaintiffs amounts of straight and overtime pay under the FLSA.

112.   The employment and work records for each of the Plaintiffs are in the exclusive possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amounts owing to each of them.

## AS AND FOR A TENTH CAUSE OF ACTION

### Briefing Time

113.   Plaintiff repeats and re-alleges the allegations set forth in Paragraph 1 through 112 as if each were set forth in full herein.

114.   Plaintiff and other employees similarly situated are required by Defendant to perform work beyond their regular scheduled shifts.

115.   Under the FLSA and the applicable regulations of the U.S. Department of Labor, compensable hours of work include pre-shift and post-shift activities which are an integral part of the employee's principal activity.  <u>See</u>, 29 C.F.R. § 553.221(b).

116.   Under the FLSA and the applicable regulations of the U.S. Department of Labor, overtime compensation cannot be said to have been paid to an employee unless all straight time compensation has been paid.  <u>See</u>, 29 C.F.R. § 778.315.

117.   Under the FLSA and the applicable regulations of the U.S. Department of Labor, hours worked in excess of forty (40) hours a week must be compensated at a rate of not less than one and one-half times the regular rate of pay and all hours worked must be compensated.  <u>See</u>, 29 C.F.R. § 778.315.

118.   Under the FLSA and the applicable regulations of the U.S. Department of Labor, hours worked in excess of eight (8) hours a day or forty (40) hours a week must be compensated at a rate of not less than one and one-half times the regular rate of pay and all hours worked must be compensated.  <u>See</u>, 29 U.S.C. § 207(a).

119.   Under the FLSA and the applicable regulations of the U.S. Department of Labor, each workweek stands alone for computation of overtime hours and may not be combined with other workweeks to create an averaged number of hours worked even if the employer's pay period is greater than seven (7) days.  <u>See</u>, 29 C.F.R. § 778.103.

120.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, rounding of hours worked may only be used where over a period of time it does result in failure to compensate the employee for all hours actually worked.  See, 29 C.F.R. § 785.45.

121.    Defendant does not compensate Plaintiffs for briefing incoming employees where such time spent is beyond their scheduled shifts.  This practice is contrary to 29 U.S.C. § 207 and other applicable sections of the FLSA.

122.    Defendant had prior notice that under the FLSA it must compensate employees for all hours worked and that it must compensate for hours worked beyond eight forty (40) hours per workweek at a rate of not less than one and one-half times the regular rate of pay.

123.    As a result of Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there has become due and owing to each of the Plaintiffs amounts of straight and overtime pay under the FLSA.

124.    The employment and work records for each of the Plaintiffs are in the exclusive possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amounts owing to each of them.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

### **Briefing Time as Overtime**

125.    Plaintiff repeats and re-alleges the allegations set forth in Paragraph 1 through 124 as if each were set forth in full herein.

126.    Plaintiff and other employees similarly situated are required by Defendant to perform work beyond their regular scheduled shifts.

127.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, compensable hours of work include pre-shift and post-shift activities which are an integral part of the employee's principal activity.  See, 29 C.F.R. § 553.221(b).

128.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, overtime compensation cannot be said to have been paid to an employee unless all straight time compensation has been paid.  See, 29 C.F.R. § 778.315.

129.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, hours worked in excess of forty (40) hours a week must be compensated at a rate of not less than one and one-half times the regular rate of pay and all hours worked must be compensated.  See, 29 C.F.R. § 778.315.

130.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, hours worked in excess of eight (8) hours a day or forty (40) hours a week must

be compensated at a rate of not less than one and one-half times the regular rate of pay and all hours worked must be compensated.  See, 29 U.S.C. § 207(a).

131.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, each workweek stands alone for computation of overtime hours and may not be combined with other workweeks to create an averaged number of hours worked even if the employer's pay period is greater than seven (7) days.  See, 29 C.F.R. § 778.103.

132.    Under the FLSA and the applicable regulations of the U.S. Department of Labor, rounding of hours worked may only be used where over a period of time it does result in failure to compensate the employee for all hours actually worked.  See, 29 C.F.R. § 785.45.

133.    Defendant does not compensate Plaintiffs at the overtime rate for briefing incoming employees where such time spent is in excess of forty (40) hours a week.  This practice is contrary to 29 U.S.C. § 207 and other applicable sections of the FLSA.

134.    Defendant had prior notice that under the FLSA it must compensate employees for all hours worked and that it must compensate for hours worked beyond eight forty (40) hours per workweek at a rate of not less than one and one-half times the regular rate of pay.

135.    As a result of Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there has become due and owing to each of the Plaintiffs amounts of straight and overtime pay under the FLSA.

136.    The employment and work records for each of the Plaintiffs are in the exclusive possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amounts owing to each of them.

### AS AND FOR A TWELFTH CAUSE OF ACTION

<u>Average Hours Per Week</u>

137.    Plaintiff repeats and re-alleges the allegations set forth in Paragraph 1 through 136 as if each were set forth in full herein.

138.    Defendant City requires Plaintiff and other employees similarly situated to work, on average, more than forty (40) hours per week.

139.    Under N.Y. Unconsol. Law § 1015 firefighters may not be required to work in excess of an average of forty (40) hours per week, as computed for each fiscal year.

140.    At all relevant times, plaintiff and other employees similarly situated are uniformed firefighters for the purposes of N.Y. Unconsol. Law § 1015.

141.    Plaintiff and other employees similarly situated are required by Defendant to

work an eight (8) day schedule consisting of two (2) – nine (9) hour day shifts,

and two (2) – fifteen (15) hour night shifts and four (4) days off.

142.    Defendant's schedule results in Plaintiff and other employees similarly situated

performing, on average, more than forty (40) hours of work per week, per fiscal

year.

143.    As a result of Defendant's violations of N.Y. Unconsol. Law § 1015, there has

become due and owing to Plaintiff and other employees similarly situated

amounts of damages under N.Y. Unconsol. Law § 1015.

144.    The employment and work records for Plaintiff and other employees similarly

situated are in the exclusive possession, custody and control of Defendant, and

Plaintiff and other employees similarly situated are unable to state at this time the

exact amounts owing to each of them.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION

<u>Contributions to State Employees' Pension Fund</u>

145.    Plaintiff repeats and re-alleges the allegations set forth in Paragraph 1 through 144

as if each were set forth in full herein.

146.    At all relevant times, Defendant City contributed to Plaintiff and other similarly situated employees' pension program through the New York State Policemen's and Firemen's Retirement System.

147.    Under N.Y. Retire. & Soc. Sec. Law § 323(b)(1) the amount of an employer's contribution to the New York State Policemen's and Firemen's Retirement System is based upon the annual salary of each employee.

148.    Pursuant to Article XV of the CBA, Defendant City contributes to the Plaintiff and other similarly situated employees' pension program through the New York State Policemen's and Firemen's Retirement System.

149.    Defendant's failure to properly compensate Plaintiff and other employees similarly situated, in violation of the FLSA, as stated above, resulted in Defendant NFTA failing to properly contribute to Plaintiff and other similarly situated employees' pension program through the New York State Policemen's and Firemen's Retirement System.

150.    As a result of Defendant's failure to properly contribute to Plaintiff and other similarly situated employees' pension program through the New York State Employees' Retirement System and the New York State Policemen's and Firemen's Retirement System there has become due and owing to Plaintiff and

other employees similarly situated amounts of contributions to their pension

program.

151.    The employment and work records for Plaintiff and other employees similarly

situated are in the exclusive possession, custody and control of Defendant, and

Plaintiff and other employees similarly situated are unable to state at this time the

exact amounts owing to their pension program.

## **Demand for Jury Trial**

152.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on his

own behalf and on behalf of others similarly situated, demand a trial by jury in

this action.

**WHEREFORE,** Plaintiff, on his own behalf and on behalf of others similarly situated,

respectfully request that this Court:

(a)     Enter a declaratory judgment declaring that Defendant has willfully, wrongfully

and in bad-faith violated its statutory obligations under the FLSA and N.Y.

Unconsol. Law § 1015, and deprived Plaintiffs of their rights, protections and

entitlements under the law, as alleged herein;

(b)     Enter a permanent injunction restraining and preventing Defendant from

withholding the compensation that is due each of the Plaintiffs and from further

violating their rights under the law;

(c)     Order a complete and accurate accounting of all the compensation to which

        Plaintiffs are entitled;

(d)     Award each Plaintiff monetary damages in the form of back pay compensation

        and liquidated damages equal to their unpaid compensation;

(e)     Award each Plaintiff monetary damages in the form of contributions to their

        pension program through the New York State Policemen's and Firemen's

        Retirement System, plus interest;

(f)     Award Plaintiffs their reasonable attorneys' fees to be paid by Defendant, and the

        costs and disbursements of this action; and

(g)     Grant such other relief as the Court deems just and equitable.


Dated: January 19, 2006
       Buffalo, New York


                                              _____s/Tracy Dale Sammarco_____
                                              Tracy Dale Sammarco, of Counsel
                                              SAMMARCO, MATTACOLA &
                                              SAMMARCO, LLP
                                              *Attorneys for Plaintiffs*
                                              250 Delaware Avenue
                                              Suite 4
                                              Buffalo, New York 14202
                                              (716) 856-4829