UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH FOLEY, individually
and on behalf of a class of other similarly
situated,

                                                          Index No. 06-cv-0049

                                    Plaintiff,

        v.

CITY OF BUFFALO,

                                    Defendant.

---

# THE CITY OF BUFFALO'S REPLY BRIEF
# IN SUPPORT OF DISMISSING THE COMPLAINT

**HODGSON RUSS LLP**
*Attorneys for the City of Buffalo*
Adam W. Perry,
Jeff F. Swiatek and
Joshua Feinstein, of Counsel
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000

# TABLE OF CONTENTS

PAGE

INTRODUCTION ....................................................................................................................1

ARGUMENT ..........................................................................................................................2

POINT I.     To Withstand Dismissal, Foley Must Come Forward With Factual Allegations
             Plausibly Suggesting Entitlement To Relief .........................................................2

POINT II.    The Firefighters' Work Schedule, As Alleged By Foley, Falls Within The 207(K)
             Exemption .............................................................................................................3

        A.   Foley Does Not Dispute The City's FLSA Analysis. ...............................................4

POINT III.   Foley Concedes That His Federal Claims Must Be Dismissed If The 207(k)
             Exemption Applies................................................................................................11

POINT IV.    The CBA Overrides Whatever Hyper-Technical Violations Of Unconsolidated
             Law § 1015  Foley Alleges ....................................................................................11

POINT V.     The State Law Claims Are Subject To Notice Of Claim Requirements................15

CONCLUSION .....................................................................................................................18

# <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

## <u>Federal Cases</u>

*Ackley v. Dept. of Corrections*, 844 F. Supp. 680 (D. Kan. 1994) .................................................. 6

*Adair v. City of Kirkland*, 185 F.3d 1055 (9th Cir. 1999) .......................................................... 4, 9

*AFSCME Local 889 v. Louisiana*, 145 F.3d 280 (5th Cir. 1998) .................................................. 9

*Barefield v. Village of Winnetka*, 81 F.3d 704 (7th Cir. 1996) .................................................. 4, 9

*Bell Atlantic Corp. v. Twombly*, ___U.S. ___, 127 S. Ct. 1955 (2007) ........................................ 2

*Birdwell v. City of Gadsden*, 970 F.2d 802 (11th Cir. 1992) ...................................................... 9

*Conley v. Gibson*, 355 U.S. 41 (1957) ........................................................................................ 2

*Freeman v. City of Mobile*, 146 F3d 1292 (11th Cir. 1998) ...................................................... 9

*Lamon v. City of Shawnee*, 972 F.2d 1145 (10th Cir. 1992) ...................................................... 9

*Loveman v. Lauder*, 484 F. Supp. 2d 259 (S.D.N.Y. 2007) ...................................................... 3

*Martin v. Coventry Fire Dist.*, 981 F.2d 1358 (1st Cir. 1992) .................................................. 6

*Milner v. City of Hazelwood*, 165 F.3d 1222 (8th Cir. 1999) .................................................. 9

*Monahan v. County of Chesterfield*, 95 F.3d 1263 (4th Cir. 1996) .......................................... 4

*Moran v. GTL Constr., LLC*, 2007 U.S. Dist. LEXIS, 55098 (S.D.N.Y. July 24, 2007). ............. 2

*O'Brien v. Town of Agawan*, 350 F.3d 279, 290 (1st Cir. 2003) ............................................ 7, 8

*Official Comm. of Unsecured Creditors of Color Tile, Inc. v.*
    *Coopers & Lybrand, LLP*, 322 F.3d 147 (2d Cir. 2003) ...................................................... 3, 4

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998) ........................................ 2

*Parolin v. City of Boston*, 327 F. Supp. 2d 101 (D. Mass. 2004). .............................................. 8

*Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995) .................................................................................... 3

*Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003) ................................................................ 9

*Spradling v. City of Tulsa*, 95 F.3d 1492 (10th Cir. 1996) ...................................................... 10

i

## TABLE OF AUTHORITIES - cont'd

PAGE

*Taylor v. County of Fluvanna,* 70 F. Supp. 2d 655 (W.D. Va. 1999)........................................ 7, 8

*Zhong v. August August Corp.*, 498 F. Supp. 2d 625 (S.D.N.Y. 2007) ................................... 2, 11

**State Cases**

*American Movie Classics v. Time Warner Entertainment LP*, 2005 N.Y. Slip. Op. 52081 ........ 13

*Ballantine v. Koch*, 89 N.Y.2d 51 (1996) ................................................................................... 12

*Bd. of Educ. of City of Yonker City Sch. Dist. v. Yonkers Fed. of Teachers*,
  40 N.Y.2d 268 (1976) ............................................................................................................ 12

*Bd. of Educ. of City of Rochester v. Nyquist*, 48 N.Y.2d 97 (1979) ........................................... 12

*Kalis v. City of Buffalo,* 306 A.D.2d 932 (4th Dep't 2003).......................................................... 15

*Koonz v. Corrigan*, 117 A.D.2d 912 (3d Dep't 1986).................................................................. 13

*McGarrigle v. City of New York,*
  Misc. 3d 1004A, 791 N.Y.S.2d 807 (Sup. Court N.Y. Co. 2004) .......................................... 14

*Melia v. City of Buffalo*, 306 A.D.2d 935 (4th Dep't 2003).......................................................... 15

*Mills v. County of Monroe,* 89 A.D.2d  776 (4th Dep't 1982) ...................................................... 17

*Mutuel Tickets Agent, Local 23293 v. Roosevelt Raceway Associates,*
  172 A.D.2d 595 (2d Dep't 1991) ..................................................................................... 16, 17

*Phelps Steel, Inc. v. City of Glen Falls*, 89 A.D.2d 652 (3d Dep't 1982) .................................... 16

*Rosenthal v. City of New York*, 283 A.D.2d 156 (1st Dep't 2001)................................................ 14

*Schacht v. City of New York*, 39 N.Y.2d 28 (1976) ..................................................................... 12

*Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York*,
  302 A.D.2d 183 (1st Dep't 2002)........................................................................................... 17

*Sebastian v. New York City Health and Hospital Corp.,* 221 A.D.2d 294 (1st Dep't 1995) ........ 17

*Spring Valley PBA v. Village of Spring Valley*, 80 A.D.2d 910 (2d Dep't 1981) ........................ 13

*Stanford Heights Fire District v. Town of Niskayuna*, 120 A.D.2d 878, 879 (3d Dep't 1986)16, 17

**Federal Statutes**

FLSA, 29 U.S.C. § 207(k) ..................................................................................................... 1, 11

## TABLE OF AUTHORITIES - cont'd

PAGE

**State Statutes**

N.Y. Civ. Serv. Law § 200 ............................................................................. 12

N.Y. Civ. Serv. Law § 204 ............................................................................. 12

N.Y. Town Law § 67 ..................................................................................... 16

New York Unconsolidated Law § 1015 ............................................................ 1

**Federal Regulations**

29 C.F.R. § 553.230 ....................................................................................... 5

**Other Authorities**

1992 N.Y. Op. Att'y Gen. 92-21 (Mar. 11, 1992) ............................................ 13

**INTRODUCTION**

Under both the original and proposed amended complaints, the City of Buffalo is entitled to judgment in its favor on the pleadings.  Named plaintiff Joseph Foley pleads all the elements the City must show to entitle it to a Section 7(k) work period exemption under the FLSA, 29 U.S.C. § 207(k).  Foley and the putative plaintiffs work a regularly reccurring eight-day work period.  During each work period, they are required to work normal shifts of forty-eight hours — thirteen hours less than the sixty-one hours permitted under Section 7(k) before overtime pay is required.  Foley's obfuscations concerning the law does not change his allegation.  He pleads that the City actually follows an eight-day, forty-eight-hour regularly recurring work schedule.  This is all that is required for Section 7(k) to apply.  There is no requirement that the City "declare," "elect," or in any other way magically adopt a 7(k) work period.  Foley also concedes that all his FLSA claims necessarily fail if Section 7(k) applies.  Thus, dismissal of all his federal claims is required.

In his state law claims, Foley relies on a hyper-technical distinction between a calendar year and a fiscal year.  Foley effectively concedes that the challenged work schedule complies with both the substance and spirit of Unconsolidated Law § 1015.  Further, as stated in Fire Commissioner Lombardo's August 3, 2007 declaration, the Union that Foley heads has, through decades of collective bargaining and acquiescence, waived any objections to this schedule.[1]  The state law claims further fail because Foley and the putative plaintiffs never filed notice of claims as required by the New York Municipal Law.

---

[1]        Docket No. 12.

Foley's complaint should therefore be dismissed in its entirety with prejudice.

## ARGUMENT

**POINT I.        TO WITHSTAND DISMISSAL, FOLEY MUST
COME FORWARD WITH FACTUAL
ALLEGATIONS PLAUSIBLY SUGGESTING
ENTITLEMENT TO RELIEF**

In a desperate effort to stave off dismissal, Foley relies on the superseded *Conley v. Gibson* dismissal standard where a claim should be permitted to continue unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[2]  But *Conley* is no longer good law.  Rather, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court recently made clear that a plaintiff cannot merely state a "conceivable" claim, but must plead "enough facts to state a claim for relief that is plausible on its face."[3]

In any event, the complaint fails under *Conley* or *Twombly* because Foley himself pleads all the necessary factual elements of a complete defense to his federal claims.  It is well-established that dismissal is required when a dispositive defense "appears on the face of the complaint."[4]  Foley is essentially asking the court to ignore his allegations and allow the case to continue.  This the Court cannot do.[5]

---

[2]      355 U.S. 41, 45-46 (1957); Pl.'s Mem. of Law at 6 (Docket No. 17).

[3]      *Bell Atlantic Corp. v. Twombly*, ___U.S. ___, 127 S. Ct. 1955, 1966 (2007).  New York courts have applied the *Twombly* standard in the FLSA context.  *See, e.g., Zhong v. August August Corp.*, 498 F. Supp. 2d 625 (S.D.N.Y. 2007); *Moran v. GTL Constr., LLC*, 2007 U.S. Dist. LEXIS 55098 (S.D.N.Y. July 24, 2007).

[4]      *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (dismissing complaint based on "affirmative defense . . . raised by a pre-answer motion to dismiss under Rule 12(b)(6)"); *see also Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir.

Foley resists dismissal by arguing that he still has not completed discovery even though the case has been pending some twenty-one months.[6]  But he does not identify any issue of fact that discovery might conceivably resolve.  And, more to the point, Foley has already pled the facts requiring dismissal.  Discovery will not alter those allegations and Foley cannot avoid dismissal by beseeching the Court to ignore facts he himself has pled.[7]

### POINT II.    THE FIREFIGHTERS' WORK SCHEDULE, AS ALLEGED BY FOLEY, FALLS WITHIN THE 207(K) EXEMPTION

Foley's allegations qualify the City for a 7(k) exemption and his FLSA claims necessarily fail.  Foley concedes that, under Section 7(k), the City may require firefighters to work up to sixty-one hours without overtime pay under an eight-day schedule like the one adopted by the City.[8]  He also concedes that a "declaration of intent" is not necessary to establish a 7(k) work period.[9]  Foley nevertheless insists that "the Defendant must at least show through circumstantial evidence that it has established the work period" and "there is a general consensus

---

[  ] 2003) (same); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory . . . may be based on a defense that appears on the face of the complaint.").

[5]  *Mingues v. C.O. Nelson*, 2004 U.S. Dist. LEXIS 2492, at *10 (S.D.N.Y. Feb. 20, 2004) ("The court is not bound to accept as true a conclusory allegation where the pleadings are devoid of any specific facts or circumstances supporting such an assertion.  Nor must the court ignore any facts alleged in the complaint that undermine the plaintiff's claim.") (citations omitted); *see also Loveman v. Lauder*, 484 F. Supp. 2d 259, 266 (S.D.N.Y. 2007) (dismissing complaint where the plaintiff "ignores her own allegations" and "attempt[s] to rewrite the complaint" because it "virtually concedes" the defendant's argument).

[6]  Pl.'s Mem. of Law at 6; Feinstein Reply Decl. ¶ 2.

[7]  *See Mingues*, 2004 U.S. Dist. LEXIS 2492, at *10; *Loveman,* 484 F. Supp. 2d at 266.

[8]  Pl.'s Mem. of Law at 8.

[9]  *Id.* at 10.

3

that the question of adoption of a 207(k) work period is an issue of fact."[10]  Both these

contentions are misleading, to say the least.  First, Foley alleges all the facts necessary to

establish a 7(k) exemption: there is no factual dispute.  The City can rely exclusively on Foley's

allegations in making out a complete defense to his FLSA claims under Section 7(k).[11]  Second,

courts have repeatedly dismissed FLSA complaints involving a 7(k) exemption and granted the

municipal employer judgment on the pleadings.[12]  Indeed, these cases rarely require trial.[13]

Here, not only does Foley plead a 7(k) work period, but he also attaches as an exhibit to his

declaration the work schedule adopted and followed by the City and worked by the firefighters

that conclusively establishes a 7(k) eight-day work period.[14]

A.       **Foley does not dispute the City's FLSA analysis.**

Foley admits the essential elements of the City's legal position:  (1) "if a public

employer has established an eight (8) day period for the 207(k) exemption for its firefighters,

then those employees are not entitled to overtime pay under the FLSA until they work sixty-one

---

[10]    Pl.'s Mem. of Law at 10.

[11]    *See, e.g., Official Comm. of Unsecured Creditors of Color Tile*, 322 F.3d at 158 (affirming district court's
dismissal where "'all the facts that give rise to' an . . . affirmative defense were 'alleged in the [Second
Amended] Complaint'").

[12]    *See, e.g., Feaser v. City of New York,* 1995 U.S. Dist. LEXIS 7871, at *2, 20 (S.D.N.Y. June 9, 1995)
(converting a motion for partial judgment on the pleadings into a motion for partial summary judgment
and granting judgment in favor of the city for adopting a 7(k) work period and qualifying for the
exemption); *Balducci v. Chesterfield County*, 1999 U.S. App. LEXIS 18657, at *10, 18 (4th Cir. Aug. 11,
1999) (upholding dismissal of complaint for failure to state a claim for "overtime gap time" compensation
under the FLSA where the court found the police officers work schedules were subject to the 207(k)
exemption).

[13]    *See, e.g., Adair v. City of Kirkland*, 185 F.3d 1055, 1061-1062 (9th Cir. 1999) (affirming district court's
entry of summary judgment holding that the municipal employer qualified for the 7(k) exemption);
*Barefield v. Village of Winnetka*, 81 F.3d 704, 709-711 (7th Cir. 1996) (same result); *see also Monahan v.
County of Chesterfield*, 95 F.3d 1263, 1284 (4th Cir. 1996) (reversing district court and granting summary
judgment in favor of the municipal employee on the plaintiffs' gap time claims).

[14]    Foley Decl. ¶¶ 14, 15, Ex. A.  (Docket No. 15.)

4

(61) hours in that eight day period";[15]  (2) "[i]n order to take advantage of the 207(k) exemption,

the employer must adopt a regular reoccurring work period between seven (7) and twenty-eight

(28) days";[16]  (3) "the work period need not coincide with the duty cycle or pay period";[17] and,

(4) "a declaration of intent to establish a 207(k) work period is not necessary."[18]  Foley also

concedes that, if the 207(k) exemption applies, all of Foley's FLSA claims must be dismissed

because he does not allege that the putative plaintiffs work more than sixty-one hours in an eight-

day work period or even fifty-three hours in a seven-day work period.[19]  Having conceded these

undisputed legal points — as he must — Foley then tries to create confusion where no confusion

exists and create factual uncertainty even though his claims fail under his own allegations.

        For example, Foley argues that "there is no evidence that the [City] had adopted a

207(k) work period prior to [this] suit."[20]  This is disingenuous nonsense.  Foley alleges that the

City has a long-established eight-day, forty-eight-hour work period.[21]  Try as he might, Foley

cannot overcome his own allegations.  The two cases he cites — *Ackley v. Department of

Corrections* and *Maldonado v. Administracion de Correccion* — involve defendants that

---

[15]     Pl.'s Mem. of Law at 8.

[16]     *Id.*

[17]     *Id.* at 8-9.

[18]     *Id.* at 10.

[19]     *See* 29 C.F.R. § 553.230; *see also* Pl.'s Mem. of Law at 8, 14-15.

[20]     Pl.'s Mem. of Law at 10.

[21]     Foley Decl. ¶ 14 ("The scheduled described in the Complaint and proposed Amended complaint has, at all time [*sic*] relevant and continuing through today been in force."); Compl. ¶ 14 (Docket No. 1); Kaplan Decl. Ex. A ¶ 14 (Proposed Am. Compl.) (Docket No. 16-2.).

5

publicly declared that they had waived their ability to rely on Section 7(k).[22]  No similar waiver

is alleged here.  The City has in no way changed its schedule in response to the commencement

of this action.[23]

       Foley also expends considerable ink attempting to argue around the clear holding

in *Feaser v. City of New York.*  In *Feaser*, the city had an established 7(k) work period for some

employees, but mistakenly believed that the plaintiffs were exempt from the FLSA.[24]  The issue

was "whether the defendants may calculate the overtime owed plaintiffs according to § 207(k)

even though the defendants neither adopted a § 207(k) work period for these employees nor paid

them according to its provisions."[25]  The court found on the pleadings that Section 207(k)

applied because, "[t]o rule otherwise, would create a 'penalty' without support in the legislative

history or language of the statute."[26]

       Foley argues that *Feaser* is not good law because one case on which it relied —

*Martin v. Coventry Fire District*[27] — was purportedly distinguished by subsequent cases and

because *Feaser* purportedly does not follow the other circuits' Section 207(k) holdings.  Again,

---

[22]  *See Ackley v. Dept. of Corrections*, 844 F. Supp. 680, 687 (D. Kan. 1994) ("In an interdepartmental memorandum pertaining to overtime compensation written on May 1, 1990, the defendant's personnel director made the following statement: 'Employees determined to be non-exempt shall be eligible for overtime compensation for all hours worked in excess of 40 hours in a work week.'"); *Maldonado v. Administracion de Correccion*, 1993 U.S. Dist. LEXIS 9567, at *4 (D. P.R. July 1, 1993) ("[O]n February 22, 1993 the defendant announced its willingness to waive its rights under Section 7(k) and to compensate the plaintiffs on the basis of the 40 hour workweek contained in Section 7(a).").

[23]  Foley Decl. ¶¶ 14, 15, Ex. A.

[24]  1995 U.S. Dist. LEXIS 7871, at *3-4.

[25]  *Id.* at *10.

[26]  *Id.* at *20.

[27]  981 F.2d 1358 (1st Cir. 1992).

all of this is disingenuous nonsense.  *Feaser's* holding and analysis is in complete agreement

with the other circuits — *i.e.*, an employer establishes a regularly recurring 7(k) work period by

implementing a work period where its employees work a regularly recurring cycle between

seven and twenty-eight days.  None of the case cited by Foley stand for the proposition that an

employer must formally declare a 7(k) exemption.  Rather, they too hold that an employer must

follow a work schedule that complies with the requirements of Section 7(k).

 Each of the three cases Foley cites to distinguish *Feaser* and *Martin* involve

employers who simply failed to establish facts that supported a 7(k) exemption.  As we have

seen already, *Maldonado* involved an employer who waived by admission its right to rely on

Section 207(k).[28]  In *Taylor v. County of Fluvanna,* the court held that an employer can establish

a 7(k) work period by implementing "a work period in which employees actually worked a

regularly recurring cycle of between 7 and 28 days . . . even if there is no public

announcement."[29]  The court found that the defendant had not in fact established or practiced

such a work period because its work period was based on the calendar month, which can vary

month-to-month and falls outside the twenty-eight-day work period limit.[30]  Similarly, the police

officers in *O'Brien v. Town of Agawan* worked a six-day schedule that fell short of the seven-day

work period threshold and excluded them from the Section 7(k) exemption.[31]  None of these

---

[28]     1993 U.S. Dist. LEXIS 9567, at *4.

[29]     70 F. Supp. 2d 655, 659 (W.D. Va. 1999).

[30]     *Id.* at 660.

[31]     350 F.3d 279, 290-291 (1st Cir. 2003).

7

cases turned on whether the defendants affirmatively declared or adopted a 207(k) work period, as Foley implies.[32]

Foley's purported circuit split is likewise based on mischaracterizations of case law in the Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits.  With respect to the First Circuit, Foley claims that *O'Brien* overruled *Martin* by holding that "an employer must demonstrate it has adopted a 207(k) work period, and that period is not dependent upon the work schedule, nor is it automatic simply because the employees work a schedule that repeats between a cycle of every seven to twenty-eight days."[33]  This contention is false.  Both *O'Brien* and *Martin* were subsequently interpreted by *Parolin v. City of Boston*, which emphasized that *O'Brien* did not overrule *Martin*, but "looked for evidence . . . that the police were subject to a 'work period' of at least seven days."[34]  *Parolin* therefore held the plaintiffs to their pleadings where they alleged a seven-day work period and applied the 207(k) exemption to limit the plaintiffs' overtime claim.[35]

There is no circuit split on the standard governing a 207(k) exemption. The First, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits all agree that implementing a regularly recurring cycle between seven and twenty-eight days automatically qualifies a municipal

---

[32]     Pl.'s Mem. of Law at 12; *see Taylor*, 70 F. Supp. 2d at 659-660; *O'Brien*, 350 F.3d at 290.

[33]     *Id.* at 13.

[34]     327 F. Supp. 2d 101, 108-109 (D. Mass. 2004).

[35]     *Id.* at 109.

employer for the 207(k) exemption, whether or not the municipality intended to or declared its intent to qualify for the exemption.[36]

In *Barefield v. Village of Winnetka*, the Seventh Circuit held that the Section 7(k) exemption applied to police officers even though the employer had adopted the work schedule before Section 7(k) was enacted.[37]   The court held that meeting all the "factual criteria for § 7(k)" was sufficient and that the police department "need not have had the 7(k) exemption in mind when it adopted a 28-day work period."[38]   And, in *Adair v. City of Kirkland*, the Ninth Circuit found that the defendant had followed the eight-day work period, that the police officers actually worked that cycle, and that there was "no allegation that it ever deviated from that period in practice."[39]   Likewise, the Tenth and Eleventh Circuits have rejected the argument that an employer has to affirmatively adopt a 7(k) exemption schedule when it has already adopted a work period of at least seven days.[40]

---

[36]   *Singer v. City of Waco*, 324 F.3d 813, 819 (5th Cir. 2003) (holding that the city could establish a 207(k) work period by actually following one); *AFSCME Local 889 v. Louisiana*, 145 F.3d 280, 282 (5th Cir. 1998) (holding that the state had adopted a fourteen-day work period by averaging the number of hours worked by the employees over a two-week span); *Milner v. City of Hazelwood*, 165 F.3d 1222, 1223 (8th Cir. 1999) (applying the 207(k) exemption even though the city had not made a public announcement of its intent to create a 7(k) work period and even though the city had paid overtime more generously than that required by the FLSA).

[37]   81 F.3d at 710.

[38]   *Id.*

[39]   185 F.3d at 1061-1062.

[40]   *Lamon v. City of Shawnee*, 972 F.2d 1145, 1151-1152 (10th Cir. 1992) ("Other than adopting a specified work period, the employer is not required to restructure its overtime payment practices whatsoever; the employer has the option to do so."); *Freeman v. City of Mobile,* 146 F3d 1292, 1297 (11th Cir. 1998) (applying the 207(k) exemption where the officers did not present evidence that the city did not follow a fourteen-day work period); *Birdwell v. City of Gadsden,* 970 F.2d 802, 806 (11th  Cir. 1992), (holding that a seven-day pay period during which officers worked five days followed by two days off qualified the city for a 7(k) exemption even though the days worked and days off would vary from period to period).

Thus, although the Tenth Circuit also holds that a 7(k) work period must be implemented for an employer to qualify for the exemption, Foley disingenuously claims otherwise.  He cites *Spradling v. City of Tulsa*,[41] where the court held that the employer could show that it had established a Section 7(k) work period either by "an appropriate public declaration of intent to adopt a work period of between 7 and 28 days" or "as long as its employees actually work a regularly recurring cycle of between 7 and 28 days."[42]  The defendant, however, did not argue that it had implemented a 7(k) work period until the appeal to the Tenth Circuit.  Thus, the court did not entertain the argument.[43]  In contrast, Foley himself alleges that the putative plaintiffs work a regularly recurring eight-day cycle, which qualifies the City for the 207(k) exemption.

In short, Foley's own allegations establishes a 7(k) work period.  His original and proposed amended complaints both repeatedly reference an eight-day schedule, with an occasional reference to a fourteen-day pay period and a "regularly reoccurring seven (7) day period."[44]  Under any of these work periods, the City qualifies for the 7(k) exemption and Foley's allegations necessarily and admittedly fail.

---

[41]     95 F.3d 1492, 1504-1505 (10th Cir. 1996).

[42]     *Id.* (quotations and citations omitted).

[43]     *Id.*

[44]     *See* Compl. ¶¶ 14, 15, 21, 22; Proposed Am. Compl. ¶¶ 14-17, 20, 23, 25, 28.

**POINT III.   FOLEY CONCEDES THAT HIS FEDERAL
CLAIMS MUST BE DISMISSED IF THE
207(K) EXEMPTION APPLIES**

Foley's only argument against dismissal of his first five causes of action is that

the Court "should assume" that Section 7(k) does not apply.[45]  He also admits that, if the 7(k)

exemption applies, his sixth through eleventh causes of action amount to gap time because "not

compensating for hours worked that are below the maximum hours threshold for overtime

payment, and which do not cause an employee's average hourly rate to fall below the minimum

wage, is not a violation of the FLSA."[46]  Nowhere in Foley's response papers, including his

proposed amended complaint, does Foley claim that the City's rounding policy resulted in

firefighters receiving less than the minimum wage.[47]  Foley does not attempt to argue against the

City's gap time argument.  Instead, he just avoids the issue and claims that the 7(k) exemption

should not be applied.  But, as discussed *supra*, the 7(k) exemption applies and Foley's

allegations fail to state a cognizable FLSA claim.

**POINT IV.   THE CBA OVERRIDES WHATEVER
HYPER-TECHNICAL VIOLATIONS OF
UNCONSOLIDATED LAW § 1015
FOLEY ALLEGES**

As set forth is Point I.B. of the City's Brief in Opposition to Plaintiff's Cross-

Motion, Foley's Unconsolidated Law § 1015 claim now reduces to whether the City uses a

---

[45]      Pl.'s Mem. of Law at 14.

[46]      *Id.* at 15.

[47]      *See Grochowski v. Ajet Constr. Corp.*, 2000 U.S. Dist. LEXIS 11632, at *9-11 (S.D.N.Y. Aug. 16, 2000)
(holding that recovery under the FLSA is "limited to unpaid minimum wages and any unpaid overtime");
*see also Zhong*, 498 F. Supp. 2d at 628 ("[W]here the plaintiff alleges violations of the FLSA's minimum
and overtime wage provisions, the complaint should, at least approximately, allege the hours worked for
which these wages were not received.").

11

calendar year as opposed to a fiscal year to calculate the average weekly hours worked annually by firefighters. Foley has waived any objection to the firefighters' schedule based on this hyper-technical and meaningless distinction through the Collective Bargaining Agreement ("CBA") negotiated by his Union and the decades of acquiescence to this existing schedule.

Courts have repeatedly held that statutory benefits may be waived through collective bargaining.[48] By designating the Union as their agent for the collective bargaining, Foley and the putative plaintiffs became bound by its actions taken on their behalf during collective bargaining.[49] They "may not reject certain acts of [their] bargaining representatives and accept others."[50] So long as the waiver by the collective bargaining agreement does not violate public policy, its terms prevail.[51]

Here, the work hours and overtime provisions in the CBA are entirely consistent with New York State's public policy. Under Article 14 of the Civil Service Law, public employers are required to negotiate collectively with public employee organizations to determine the "terms and conditions" of employment.[52] The statute's purpose is to "effectuate the harmonious and cooperative relationships between government and its employees."[53]

---

[48] *See, e.g., Ballantine v. Koch,* 89 N.Y.2d 51, 58 (1996); *Bd. of Educ. of City of Rochester v. Nyquist,* 48 N.Y.2d 97, 104 (1979); *Bd. of Educ. of City of Yonker City Sch. Dist. v. Yonkers Fed. of Teachers,* 40 N.Y.2d 268, 273 (1976); *Schacht v. City of New York,* 39 N.Y.2d 28, 32 (1976). ("Plaintiff, having designated the union to be [his] agent for collective bargaining purposes, is bound by agreements made by that union on [his] behalf.")

[49] *Ballantine*, 89 N.Y.2d at 58.

[50] *Schacht,* 39 N.Y.2d at 32.

[51] *Id.*

[52] N.Y. Civ. Serv. Law § 204.

[53] N.Y. Civ. Serv. Law § 200.

Accordingly, the Appellate Division has repeatedly upheld collectively negotiated waivers of statutory benefits.[54] And, the Attorney General has expressly opined that a collective agreement negotiated under the terms of the Taylor Law may include provisions that vary from the Unconsolidated Law's strictures regarding hours and tours of police officers — a situation that is indistinguishable from the statute affecting firefighters at issue here.[55]

Among other things, "[a] waiver may be implied by the course of conduct of the parties to collective bargaining negotiations."[56] Here, the Union has repeatedly assented to the work schedule despite numerous re-negotiations of other terms and conditions of employment over several decades. Even now, the Union is not seeking to actually modify the work schedule. Thus, the Union has waived any claims under Unconsolidated Law § 1015.

The cases cited by Foley against waiver are unavailing and distinguishable on the facts and the law. In *American Movie Classics v. Time Warner Entertainment LP,*[57] an unpublished trial court decision concerning a commercial contract dispute, the court found no waiver of a contractual right to challenge television programming where the contract had a "no waiver" provision[58] and the purportedly waiving party was unaware of the subject of the claimed waiver.[59] In stark contrast, neither Unconsolidated Law § 1015 nor the CBA here contains an

---

[54]     *See, e.g., Koonz v. Corrigan,* 117 A.D.2d 912, 914 (3d Dep't 1986); *Spring Valley PBA v. Village of Spring Valley,* 80 A.D.2d 910, 910-11 (2d Dep't 1981).

[55]     1992 N.Y. Op. Att'y Gen. 92-21 (Mar. 11, 1992).

[56]     *McGarrigle v. City of New York,* 23 A.D.3d 196, 198 (1st Dep't 2005).

[57]     2005 N.Y. Slip. Op. 52081 U, 10 Misc. 3d 1062A (Sup. Court, New York Co., 2004).

[58]     *Id.* at 4.

[59]     *Id.* at 15.

analogous "no waiver" provision[60] and the Union and its members have been aware of the current work schedule for decades.

Similarly, *McGarrigle v. City of New York,*[61] provides no help to Foley.  In *McGarrigle*, the Appellate Division noted that a union could waive pension rights under the State Constitution at issue and a waiver could be implied from the parties' course of conduct.[62] The court, however, did not find waiver because, among other reasons, the collective bargaining agreement at issue — unlike the CBA here — contained an express "no waiver" provision.[63]

Finally, the court in *Rosenthal v. City of New York*[64] held that it would be unreasonable to infer that a union waived its members' rights to statutory protections not enacted when the collective bargaining agreement was negotiated.[65]   Again, this is not the situation here. Unconsolidated Law § 1015 was first enacted in 1968, and the Union has since repeatedly renegotiated the CBA and otherwise challenged or sought to reform the terms and conditions of the putative plaintiffs' employment.   The Union, however, has never sought to challenge the work schedule before this action.[66]   And, notably, the Union is not now seeking to change the work schedule.   Foley and the putative plaintiffs have waived any objection to the schedule,

---

[60]     Lombardo Reply Decl. Ex. A.

[61]     4 Misc. 3d 1004A, 791 N.Y.S.2d 807 (Sup. Court N.Y. Co. 2004); *aff'd* 23 A.D.3d 196 (1st Dep't 2005).

[62]     *McGarrigle,* 23 A.D.3d at 198.

[63]     *McGarrigle,* 4 Misc. 3d 1004A at * 6.

[64]     283 A.D.2d 156 (1st Dep't 2001).

[65]     *Id.*

[66]     Lombardo Decl. ¶ 6.

which Foley admits complies with state law but for a hyper-technical and meaningless

distinction.

## POINT V.    THE STATE LAW CLAIMS ARE SUBJECT
## TO NOTICE OF CLAIM REQUIREMENTS

Foley further insists that he is not required to file a notice of claim with respect to

his state court causes of action.  But Foley's attempt to distinguish the authority relied upon by

the City is unpersuasive.

Both *Melia v. City of Buffalo* and *Kalis v. City of Buffalo* are squarely on point.

The *Melia* and *Kalis* plaintiffs sought to enforce a statutory benefit under Buffalo City Code;

namely, the right to receive the difference between worker compensation benefits and their usual

wage.[67]  In both cases, the Appellate Division, Fourth Department dismissed the claims for

failure to file notice of claim:

> The City contends that plaintiff's action sounds in tort and that the
> notice of claim provisions of General Municipal Law §§ 50-e and
> 50-i therefore apply to bar this action.  We agree.  The complaint
> seeks money damages for an alleged failure by the City to
> discharge a duty imposed upon it by law, *i.e*., to provide the wage
> differential to plaintiff.[68]

---

[67]     *Kalis v. City of Buffalo,* 306 A.D.2d 932, 933 (4th Dep't 2003); *Melia v. City of Buffalo,* 306 A.D.2d 935
(4th Dep't 2003).

[68]     *Kalis*, 306 A.D.2d at 934; *Melia*, 306 A.D.2d at 935-936.

Just as the plaintiffs in *Kalis* and *Malia*, Foley also seeks monetary damages arising from the City's alleged failure to provide a statutory benefit required by statute.[69]  Foley's claim therefore sounds in tort and is subject to notice of claim requirements under the Municipal Law.

Similarly, *Phelps Steel, Inc. v. City of Glen Falls* states that "a claim for money damages allegedly caused by [a municipality's] failure to discharge a duty imposed upon it by law . . . clearly sounds in tort . . . and consequently a notice of claim [i]s required."[70]  Foley emphasizes that the claim in *Phelps* sought "compensation for the taking of private property for public use"[71] under the New York State Constitution, but this is irrelevant.  Foley, just like the plaintiff in *Phelps,* is seeking money damages based on the City's alleged failure to discharge a duty imposed by law.  Accordingly, a notice of claim is required.

Foley further attempts to distinguish *Mutuel Tickets Agent, Local 23293 v. Roosevelt Raceway Associates*[72] and *Stanford Heights Fire District v. Town of Niskayuna*,[73] on the grounds that "those cases were brought against towns and therefore involved the more expansive notice of claim provision of N.Y. Town Law § 67."[74]  But that statute expressly incorporates the same claims subject to Municipal Law § 50-i.  The claims asserted in *Mutuel Tickets Agents* and *Stanford Heights Fire District* also did not arise from defective highways, the

---

[69]     Significantly, the plaintiff is not seeking to enjoin the challenged schedule.

[70]     *Phelps Steel, Inc. v. City of Glen Falls,* 89 A.D.2d 652 (3d Dep't 1982).

[71]     Pl.'s Mem. of Law at 25.

[72]     172 A.D.2d 595 (2d Dep't 1991).

[73]     120 A.D.2d 878, 879 (3d Dep't 1986).

[74]     Pl.'s Mem. of Law at 25.

only category of claims other than those specified in Municipal Law § 50-i that are subject to the notice of claims provisions of Town Law § 67.  So the holding in *Mutuel Tickets Agents* and *Roosevelt Raceways Associates* applies here: claims for money damages arising from a municipality's failure to discharge a duty imposed by law are subject to notice of claim requirements.[75]

Lastly, Foley's reliance on *Sebastian v. New York City Health and Hospital Corp.,*[76] *Mills v. County of Monroe,* [77] and *Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York*[78] is misplaced.  These cases all involved claims that — in contrast to the claims seeking statutory employment benefits like the ones here — do not sound in tort.   So these cases are inapplicable.

Accordingly, Foley's state law claims should be dismissed for failure to file notice of claim.

---

[75]     *Mutuel Tickets Agents,* 172 A.D.2d 595; *Stanford Heights Fire Dist.,* 120 A.D.2d at 879.

[76]     221 A.D.2d 294 (1st Dep't 1995).

[77]     89 A.D.2d  776 (4th Dep't 1982).

[78]     302 A.D.2d 183 (1st Dep't 2002).

17

## CONCLUSION

For the foregoing reasons, the Court should grant the City's motion to dismiss in its entirety.  Foley's FLSA claims necessarily fail because a complete defense under Section 7(k) appears on the face of both the complaint and proposed amended complaint.  Foley's state law claims are further fatally flawed because Foley has waived, through decades of collective bargaining and acquiescence, any hyper-technical claims that he seeks to assert under New York Unconsolidated Law § 1015.  The state law claims further fail due to the failure to file a notice of claim under the Municipal Law.

Dated:  November 1, 2007

**HODGSON RUSS LLP**
*Attorneys for The City of Buffalo*

By:    s/ Joshua Feinstein
Adam W. Perry,
Jeff F. Swiatek and
Joshua Feinstein, of Counsel
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000