UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

JOSEPH FOLEY, individually
and on behalf of others similarly situated,

                Plaintiff,

   v.                                      **DECISION AND ORDER**
                                                          06-CV-49S

CITY OF BUFFALO,

                Defendant.

## I. INTRODUCTION

Plaintiff, Joseph Foley, commenced this collective action on January 23, 2006, alleging violations of 29 U.S.C. §§ 201, et seq., the Fair Labor Standards Act ("Labor Act"). (Docket No. 1.)[1] Plaintiff also alleges violations of New York State Unconsolidated Law § 1015 and New York Retirement and Social Security Law § 323. (Docket No. 1.) Plaintiff seeks a judgment declaring Defendant's overtime pay practices unlawful, an injunction restraining those practices, and monetary damages. Presently before this Court are three motions: Plaintiff's Motion for Leave to File an Amended Complaint; Plaintiff's Motion for Leave to File a Late Notice of Claim; and Defendant's Motion to Dismiss. For the following reasons, Plaintiff's Motion to Amend the Complaint is granted and Defendant's Motion to Dismiss is granted. Pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise jurisdiction over Plaintiff's remaining state claims and his notice of claim motion.

---

[1] Section 216(b) permits collective actions in Labor Act suits; it provides, <u>inter alia</u>: An action to recover the liability prescribed in either of the preceding sentences [expressly including section 207 liability] may be maintained against any employer (including a public agency). . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Although this process eventually requires certification, Plaintiff has amended his complaint to individually name all the plaintiffs.

As an initial matter, this Court will address Plaintiff's Motion to Amend the Complaint. (Docket No. 14.) Leave to amend is freely granted. See Fed. R. Civ. P. 15 (a)(2) ("The court should freely give leave when justice so requires.") Defendant argues that Plaintiff's proposed amended complaint is a futile re-pleading of insufficient facts and conclusions of law. Nonetheless, Defendant has addressed Plaintiff's proposed amended complaint and is therefore not prejudiced by this Court considering the amended pleading at this time. For the sake of allowing Plaintiff to fully and precisely express his claims, this Court will grant leave to amend and resolve the Motion to Dismiss as against the amended complaint. Consistent with the amended complaint, the Clerk of Court will be directed to change the caption to reflect the newly named plaintiffs.

## II. BACKGROUND

**A.     Facts**

Joseph Foley, President of the Buffalo Firefighters Association, brings this action on behalf of himself and other firefighters, alleging that the City of Buffalo violated and continues to violate the Labor Act's provisions regarding overtime pay. (Amended Complaint ("Am. Compl.") ¶ 31; Docket No. 16-2.)[2]

Plaintiff and other firefighters work an 8-day schedule. (Am. Compl. ¶ 14.) It consists of two 9-hour day shifts, two 15-hour night shifts, and four days off. (Id.) It is undisputed that this results in workweeks where firefighters perform 48 hours of work. (Id. ¶¶ 15,17.) Over the course of the calendar year, if Plaintiff averages more than 40 hours

---

[2]It is undisputed that the Labor Act applies to Plaintiffs. See Garcia v. San Antonio Metro.Transit Auth., 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985) (holding that the Labor Act applies to municipal employers).

of work per week, Defendant awards compensatory time equal to the amount of overtime worked. (Id. ¶ 18) This is in lieu of monetary compensation. (Id.) Plaintiff claims that this system violates 29 U.S.C. § 207(a)(1), which reads:

> Except as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.[3]

Plaintiff further claims that Defendant violates this law through policies that require firefighters to perform training exercises, be present for briefings, and submit doctor's notes outside of regularly scheduled shifts and without additional compensation.

However, Defendant asserts that it is exempt from this provision under section 207(k) of the same law, which is a specific exemption for emergency service providers. See 29 U.S.C. § 207(k).[4] This section allows firefighters to work up to 212 hours in a twenty-eight-day "work period" before becoming eligible for overtime pay. 29 C.F.R. § 553.201. The term work period is defined as any "established and regularly recurring period of work" between 7 and 28 days. 29 C.F.R. § 553.224. If a firefighter's work period is less than 28 days, the number of hours required to trigger overtime pay is prorated to the number of days in his or her work period. 29 C.F.R. § 553.230.[5] For example, Plaintiff and Defendant

---

[3] A workweek is a fixed, recurring 7-day period. 29 C.F.R. § 778.104.

[4] This exemption exists due to the nature of the job, which often requires firefighters to work longer shifts. See Wethington v. City of Montgomery, 935 F.2d 222, 223 (11th Cir. 1991).

[5] 29 C.F.R. § 553.201(a) provides:
Section [20]7(k) of the [Labor] Act provides a partial overtime pay exemption for fire protection and law enforcement personnel (including security personnel in correctional institutions) who are employed by public agencies on a work period basis. This section of the Act formerly permitted public

agree that Plaintiff works an 8-day schedule.[6] If section 207(k) applies, Defendant would not be required to pay the increased overtime rate until Plaintiff worked 61 hours in that 8-day period. Id.[7]

Defendant also disputes that it owes Plaintiff overtime pay for time spent training, in briefings, or obtaining doctor's notes. The Labor Act's central themes are its minimum wage and overtime requirements. Therefore, Defendant asserts, the Labor Act is not implicated as long as Plaintiff's outside activities neither rise to the level that triggers overtime pay, nor create a situation where Plaintiff's pay for total hours worked falls below the minimum wage.[8] Defendant concedes that this is true only if the § 207(k) exemption applies.

Plaintiff claims that the exemption is merely an option, which Defendant must explicitly "elect" or "adopt"; Plaintiff submits that Defendant has not exercised this option. (Am. Compl. ¶ 26.)

**B.    Procedural History**

On January 23, 2006, Plaintiff filed suit in this Court alleging violations of the Labor

---

agencies to pay overtime compensation to such employees in work periods of 28 consecutive days only after 216 hours of work. As further set forth in § 553.230 of this part, the 216-hour standard has been replaced, pursuant to the study mandated by the statute, by 212 hours for fire protection employees and 171 hours for law enforcement employees. In the case of such employees who have a work period of at least 7 but less than 28 consecutive days, overtime compensation is required when the ratio of the number of hours worked to the number of days in the work period exceeds the ratio of 212 (or 171) hours to 28 days.

[6] However, Plaintiff disputes that this is a "work period" for the purposes of § 207(k).

[7] The precise number is 60.57, but that number is rounded to the nearest whole number pursuant to C.F.R. 553.230.

[8] Plaintiff makes no claim that his unpaid work time renders his aggregate pay below the minimum wage.

4

Act, New York State Unconsolidated Law § 1015, and New York Retirement and Social Security Law § 323. Defendant answered on February 16, 2006 and moved to dismiss the complaint on August 3, 2007. On September 18, 2007, Plaintiff filed his Cross-Motion to Amend the Complaint and for Leave to File a Late Notice of Claim. On August 18, 2007, Defendant responded to the Cross-Motion, renewing its Motion to Dismiss.

## III.  DISCUSSION

### A.  Legal Standard

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation

of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S.Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8 (a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Courts therefore use a two-pronged approach to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950. First, statements that are not entitled to the presumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. See Iqbal, 129 S.Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id. A complaint may be dismissed on the grounds of an affirmative defense if "the defense appears on the face of the complaint." Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003); see also Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67 (2d Cir. 1998) (dismissing complaint on an affirmative defense).

**B.     Analysis**

    **1.     Defendant's Motion to Dismiss**

Plaintiff argues that Defendant owes him overtime pay under § 207(a) of the Labor Act. Defendant replies that it is not subject to § 207(a)'s 40-hour workweek requirement because of the Labor Act's § 207(k) exemption, which entitles Defendant to require Plaintiff to work more hours without overtime pay. § 207(k) reads:

> No public agency shall be deemed to have violated ... this section with respect to the employment of any employee in fire protection activities ... if ... in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period, the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as [212] ... bears to 28 days, compensation of a rate not less than one and one half of his regular rate at which he is employed.

This is an affirmative defense, which if proven on the face of the complaint, would entitle Defendant to a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. See Coopers & Lybrand, LLP, 322 F.3d at 158; see also Adair v. City of Kirkland, 185 F.3d 1055 (9th Cir. 1999) (finding that the § 207(k) exemption is an affirmative defense).

Taking center stage in this dispute is the term "work period." According to the U.S. Department of Labor regulations:

> As used in Section [20]7(k), the term work period refers to any established and regularly recurring period of work of which, under the terms of the Act and legislative history, cannot be less than 7 consecutive days nor more than 28 consecutive days.

29 C.F.R. 553.224

Plaintiff alleges that Defendant has not "elected" or "adopted" a work period and thus it does not qualify for the exemption. Plaintiff further argues that Defendant's calculation of compensatory time off on an annual basis and annual amendments to the 8-day schedule creates doubt as to whether Defendant has truly implemented an 8-day schedule.

### 2.     The Applicability of § 207(k)

Although the Second Circuit has not considered this issue, it is clear from other circuits that an employer need not "affirmatively adopt" the § 207(k) exemption for it to apply. Freeman v. City of Mobile, Ala., 146 F.3d 1292, 1297 (11th Cir. 1998) (holding that the defendant need not make a public declaration).[9] Rather, an employer can establish a §207(k) work period by simply implementing "a work period in which employees actually work a regularly recurring cycle between 7 and 28 days." Birdwell v. City of Gadsden, 970 F.2d 802, 806 (11th Cir.1992). The Court in Birdwell held that a directed verdict on the existence of a 207(k) plan would be appropriate based on uncontradicted evidence that the employees actually worked a regularly recurring work period that was set out in their employment contract. Id. The Ninth Circuit has also determined that the way to adopt to a work period is to simply implement one. See Adair,185 F.3d at 1062. ("Indeed, the caselaw on this point reveals that it is not the records kept, but the cycle of days actually worked that is controlling."). The Tenth Circuit has also relied on Birdwell for the proposition that an employer has established a work period as long as its employees "work a regularly recurring cycle of between 7 and 28 days." Spradling v. City of Tulsa, 95 F.3d 1492, 1505

---

[9]Plaintiff concedes this point. (Docket No. 17, Pl. Mem. of Law, p. 10.)

(10th Cir. 1996) (quoting Birdwell, 970 F.2d at 806).

The First, Fifth, and Seventh Circuits all affirm this sensible analysis: a work period can be established through implementation. Martin v. Coventry Fire Dist., 981 F.2d 1358 (1st Cir. 1992) (awarding damages to plaintiffs, but applying § 207(k) , not § 207(a)); Singer v. City of Waco, 324 F.3d 814 (5th Cir. 2003) (holding that the city could establish a 207(k) work period by following one); Barefield v. Vil. of Winnetka, 81 F.3d 704 (7th Cir. 1996) (holding that no declaration of intent is necessary so long as plaintiffs actually work a 28-day schedule).

Thus, the weight of circuit authority holds that an employer establishes a work period within the meaning of § 207(k) simply by establishing a work period. Despite his assertions to the contrary, Plaintiff's own complaint alleges that he works on an 8-day, recurring schedule: "*Plaintiff[] . . . [is] required by Defendant to work an eight (8) day schedule* consisting of two (2) – nine (9) hour day shifts, and two (2) – fifteen (15) hour night shifts followed by (4) days off." (Am. Compl. ¶ 14 (emphasis added).) Consequently, taken as true, Plaintiff admits the essential element of the defense: that his employer has established an 8-day work period and therefore he is not entitled to overtime pay under the Labor Act until he works 61 hours in that 8-day period. See 29 U.S.C. § 207(k); see also Adair, 185 F.3d at 1059-60.

Plaintiff's own allegations demonstrate that the 207(k) affirmative defense "appears on the face of the complaint." See Coopers & Lybrand, LLP, 322 F.3d at 158; see also Loveman v. Lauder, 484 F. Supp. 2d 259, 266 (S.D.N.Y. 2007) (dismissing complaint where the plaintiff "ignores her own allegations").

In fact, in the only case on point in this circuit, the court allowed the defendant to

assert the exemption even where it was obvious that the defendant did not intend, initially, for the exemption to apply. Feaser v. City of New York, No. 93 CV 5739, 1995 WL 350848 (S.D.N.Y. June 9, 1995). The court found that it would be improperly penalizing the defendant by requiring it to pay plaintiffs as if the § 207(k) exemption did not apply. Id. at *6. Tellingly, the Court held, "[D]espite the undisputed fact that [the defendant] had not 'established' a § 207(k) work week for these plaintiffs or paid them overtime accordingly, . . . [§] 207(k) is the standard by which overtime for [fire protection and] law enforcement employees is calculated." Id. at *4.

Plaintiff claims that the question of whether a municipality has adopted a work period should be reserved for the jury. He cites several cases to support this contention. See, e.g., Birdwell, 970 F.2d at 805. But those cases are distinguishable. In Singer, for example, the plaintiffs worked a regularly recurring schedule of 24 hours on-duty followed by 48 hours off-duty. 324 F.3d at 817. According to this schedule, the firefighters worked 120 hours in one 14-day period, 120 hours in the next 14-day period, and 96 hours in the third 14-day period. Id. The Plaintiff's conceded that this was a work period under § 207(k); the only dispute was whether this was properly calculated as 14-day or 28-day work period (which affected the amount of overtime due). Id. at 818. No similar dispute exists in this case.

Plaintiff also relies, in part, on Barefield, for the proposition that this issue should go the jury. But there the Court granted summary judgment for the defendant because, "the facts are uncontradicted and plaintiffs concede that the 28-day schedule meets the factual criteria to bring the [defendant] under the [§ 20]7(k) exemption." 81 F.3d at 710. The same is true here: based on the facts alleged in the amended complaint, Defendant meets all

10

factual criteria of § 207(k).

Plaintiff also contends that he works on an annual cycle, not an 8-day cycle, because compensatory time-off is calculated annually and the 8-day schedule changes at the beginning of every calender year. (Am. Compl. ¶¶ 18; 39-41.) Plaintiff relies on Taylor v. Cnty. of Fluvanna, where the court ruled that, among other factors, the calculation of overtime compensation on a monthly basis belied defendant's contention that it had established a 28-day work period. 70 F. Supp. 2d. 655 (W.D.Va 1999).  But there the plaintiff's "only regularly recurring work period [was] the calendar month" and "*[o]nly after the lawsuit was filed did the county switch to a 28-day work cycle*." Id. at 656 (emphasis added). Conversely, in this case, Plaintiff has always worked an 8-day cycle.

Moreover, the annual calculation of overtime cannot overcome the plain language of the Federal Regulation, which defines a "work period" as an "established or regularly recurring period of work." 29 C.F.R. § 553.224. Plaintiff, himself, alleges that Defendant employs him on an established *and* regularly recurring 8-day cycle, which is all that § 207(k) requires. (Am. Compl. ¶ 14.)

Further, it would be unreasonable to interpret this language to mean that the periods can never change.  A yearly adjustment does not change the fact that Plaintiff works in 8-day cycles, squarely within the purview of § 207(k).

Finally, a contrary finding would run counter to the purpose of the exemption, which Congress established to recognize "the special needs of governments in the area of public safety and the unusually long hours that public safety employees must spend on duty." S. Rep. No. 99-159, at 653 (1985), reprinted in 1985 U.S.C.C.A.N. 651, 653. Section 207(k) "was intended to alleviate the impact of the [Labor Act] on the fire protection and law

enforcement activities of state and local government by providing for work periods of up to 28 days [and] establishing somewhat higher ceilings on the maximum number of hours which could be worked before overtime compensation had to be paid." Id.

Accepting the truth of the allegations set forth in Plaintiff's amended complaint, this court concludes that Defendant has established a regularly recurring 8-day work period and is therefore entitled to the § 207(k) exemption. As such, the Labor Act is not violated until Plaintiff works 61 hours or more in the 8-day work period. 29 C.F.R. § 553.230. Since Plaintiff does not allege that he is required to work 61 hours or more in this period, he has not stated a claim upon which relief can be granted and his first through fifth causes of action must be dismissed.

### 2.  Remaining Federal Causes of Action

Plaintiff also seeks redress under the Labor Act for time worked beyond his regularly scheduled shifts, for restrictions while on sick or injured leave, for training, for time spent obtaining doctor's notes, and for time briefing incoming employees. But since the § 207(k) exemption applies to Plaintiff, these causes of action necessarily seek compensation for "gap time." See Adair, 185 F.3d at 1062.[10] The Labor Act's focus is minimum wage and overtime pay. Monahan v. Cnty. of Chesterfield, 95 F.3d 1263, 1266-67 (4th Cir. 1996). Consequently, "gap time" refers to time that is not implicated by either of those provisions. See Adair, 185 F.3d at 1062, n.6. Plaintiff does not allege that Defendant violated the minimum wage provisions of the Labor Act. This is presumably because even if Plaintiff's time is uncompensated, as long as he is still being paid an average minimum wage for

---

[10] Plaintiff admits that if § 207(k) applies, the hours in this cause of action can only be construed as "gap time." (Docket No. 17, Pl. Mem. of Law, p. 15.)

every hour worked, there can be no violation under the Labor Act. See id.; see also, Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353 (8th Cir.1986) ("[N]o violation occurs so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute."). Further, Plaintiff does not allege that these activities required him to work more than 61 hours per 8-day period in violation of the Labor Act. As such, Plaintiff's sixth through eleventh causes of action must also be dismissed.

### 3. Remaining State Law Causes of Action

Having disposed of all federal claims falling within this Court's original jurisdiction, this Court finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiff's claims regarding violations of New York State law and Plaintiff's Motion for Leave to File a Late Notice of Claim. See 28 U.S.C. § 1367(c)(3). The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view: where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee,

316 F.3d 299, 305 (2d Cir. 2003); see also Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well.")

Moreover, comity suggests that this case is better litigated in the New York State Supreme Court, where the action can be resolved by the state court under state law. The resolution of Plaintiff's motion for Leave to File a Late Notice of Claim, in particular, could have a profound effect on the outcome of the case, and as such it would be improper for this Court to resolve it. See Levin v. Commerce Energy, Inc., __U.S__, 130 S.Ct. 2323, 176 L.Ed.2d 1131 (2010) (defining comity as a "proper respect for state functions").

Plaintiff's state court claims will be timely so long as he files them within 30 days from the date of this decision. See 28 U.S.C. § 1367(d).[11] This tolling provision is meant to "prevent the limitations period on such supplemental claims from expiring while the plaintiff was fruitlessly pursuing them in federal court" and to "promote[ ] fair and efficient operation of the federal courts." Jinks v. Richland County, 538 U.S. 456, 459, 463, 123 S.Ct. 1667, 1669, 155 L.Ed.2d 631 (2003) (upholding the constitutionality of § 1367(d)).

Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and his Motion for Leave to File a Late Notice of Claim. Instead, this Court dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

---

[11]28 U.S.C. § 1367(d) provides:

> The period of limitation for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is granted as to the federal claims.  Further, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law motion and causes of action.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 14) is GRANTED.

FURTHER, that the Clerk of Court is directed to amend the caption of the case to reflect the newly named plaintiffs.

FURTHER, that Defendant's Motion to Dismiss (Docket No. 9) is GRANTED as to the federal claims.

FURTHER, that this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are hereby DISMISSED pursuant to 28 U.S.C. § 1367(c)(3) without prejudice.

FURTHER, that the Clerk of the Court is directed to close this case.


Dated:    July 26, 2011
          Buffalo, New York


                                           /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                              Chief Judge
                                       United States District Court